[868 NYS2d 899]

In the Matter of LAURENCE S. JURMAN (Admitted as LAURENCE STEVEN JURMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 16, 2008

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent submitted an affidavit of resignation dated January 17, 2008, in which he acknowledged the existence of 29 pending investigations being conducted by the Grievance Committee into allegations of professional misconduct, including his failure to cooperate with the Grievance Committee.

On February 5, 2008, the respondent entered a plea of guilty in the Supreme Court, Suffolk County, before the Honorable James F.X. Doyle, to possession of a forged instrument in the second degree, in violation of Penal Law § 170.25, a class D felony. The Grievance Committee has submitted a certified copy of the certificate of conviction to this Court.

Pursuant to Judiciary Law § 90 (4) (a), an attorney ceases to be competent to practice law upon his conviction of a felony. Upon his conviction of a felony, a lawyer is automatically disbarred. Accordingly, he is no longer able to proffer a resignation from the bar and the respondent's resignation dated January 17, 2008, must be rejected. Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys is granted, without opposition, based on his automatic disbarment as of the date of his felony conviction, February 5, 2008.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and McCARTHY, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Laurence S. Jurman, admitted as Laurence Steven Jurman, is disbarred, effective February 5, 2008, and his name is now stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the resignation dated January 17, 2008, proffered by the respondent, Laurence S. Jurman, admitted as Laurence Steven Jurman, is rejected in view of his automatic disbarment by virtue of his felony conviction; and it is further,

Ordered that the respondent, Laurence S. Jurman, admitted as Laurence Steven Jurman, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Laurence S. Jurman, admitted as Laurence Steven Jurman, is

commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Laurence S. Jurman, admitted as Laurence Steven Jurman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).